IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:17-cv-24339

KASEM AOUFE, an Individual,

       Plaintiff,

v.

SKY HIGH SMOKE SHOP AND
WHOLESALE, INC., a Florida Corporation,
and SKY HIGH SMOKE SHOP #2, INC.,
a Florida Corporation.

       Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The Plaintiff, KASEM AOUFE, by and through his undersigned counsel, hereby files his Complaint against the Defendants, SKY HIGH SMOKE SHOP AND WHOLESALE, INC., and SKY HIGH SMOKE SHOP #2, INC., and alleges, as follows:

### PRELIMINARY STATEMENT

1.    This is an action for infringement of the Plaintiff's federally-registered trademark and service mark "SKY HIGH" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of Deceptive and Unfair Trade Practices under the statutory and common laws of the State of Florida, all arising from the Defendant's unauthorized use of the mark "SKY HIGH" in connection with the Defendant's unauthorized use of the name "SKY HIGH" for its retail shops in Miami and Southwest Ranches, Florida

which features smoking articles, as well as the SKY HIGH SMOKE SHOP AND WHOLESALE, INC., unauthorized use of the name "SKY HIGH" for its wholesale business of smoking articles.

2.     Plaintiff seeks injunctive and monetary relief.

## JURISDICTIONAL ALLEGATIONS

3.     This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark) and 28 U.S.C. § 1338(b) (unfair competition), and jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over the Defendants because each Defendant is incorporated in, and has its principal place of business in Florida, and the Defendants regularly conduct and solicit business in the State of Florida (including in this Judicial District), and the Defendants' wrongful conduct occurred in this Judicial District.

## VENUE

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that the Defendants reside in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the Defendants are subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

6.     The Plaintiff is a corporation that is incorporated in Arizona and has its principal place of business at 33 West Southern Avenue, Tempe, Arizona, 85282. The Plaintiff is the

registered owner of the trademark and service mark "SKY HIGH," (hereinafter the "SKY HIGH MARKS").

7. The Defendant, SKY HIGH SMOKE SHOP AND WHOLESALE is a corporation that is incorporated in Florida, and has its principal place of business at 19801 NW 27th Ave, Unit D, Miami Gardens, Florida, 33056. The Defendant has engaged in the unlawful use of the Trademark "SKY HIGH", in which the Defendant runs a retail smoke shop in Miami, Florida. Defendant has also engaged in the unlawful use of the Trademark "SKY HIGH" in connection with its wholesale business in which it distributes smoking articles.

8. The Defendant SKY HIGH SMOKE SHOP #2 is a corporation that is incorporated in Florida, and has its principal place of business at 6840 Dykes Road, Southwest Ranches, FL 33331. The Defendant has engaged in the unlawful use of the Trademark "SKY HIGH", in which the Defendant runs a retail smoke shop in Southwest Ranches, Florida.

9. Both Defendant Corporations were incorporated by Abdul Rauf. Abdul Rauf is the Registered Agent and Director of both Defendant corporations. The two locations are owned by separate entities but operate under the control of the same individual, as well as the use of the same logo and website. On the Defendants' website skyhighonlineshop.com, both the Miami and Southwest Ranches locations are listed as the contact information.

**FACTS COMMON TO ALL COUNTS**

A. <u>The Plaintiff and its Sky High Marks</u>

10. Since 2009, the Plaintiff has operated retail and wholesale businesses using the SKY HIGH Marks. The Plaintiff owns a store in Arizona, which operates under the d/b/a "Sky High Smoke Shop."

3

11. The Plaintiff uses the SKY HIGH service mark in connection with the operation of his retail store that does business as "Sky High Smoke Shop" wherein he sells various smokers articles including, cigarettes, vaporizing pens, smokeless cigarette vaporizer pipes, water pipes, hookahs, and various other vaping products.

12. As a wholesaler, the Plaintiff sells various smokers articles to retail stores using the SKY HIGH trademark including vaporizing pens, smokeless cigarette vaporizer pipes, and non-stick storage containers.

13. As a result of the Plaintiff's continuous and extensive use of the SKY HIGH Marks to identify its retail store and products, the Plaintiff owns a valid and subsisting federal statutory and common law rights to SKY HIGH Marks. The Plaintiff is the owner of the United States trademark and service mark which are registered on the Principal Register. The following is a list of the Plaintiff's federally registered trademark and service mark:

   (a) U.S. Trademark Registration Number 4,751,784 for the standard character service mark "SKY HIGH" in association with goods further identified in international class 035.

   (b) U.S. Trademark Registration Number 4,619,680 for the standard character trademark "SKY HIGH" in association with goods further identified in international class 034.

   See USPTO registrations attached hereto as Exhibit "A."

14. The Plaintiff has used the SKY HIGH Marks in commerce throughout the United States continuously since 2009 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of the Plaintiff's wholesale smokers' articles, and retail smoke shop. Attached hereto as Exhibit "B" are photographs

THE TICKTIN LAW GROUP, PLLC,
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

showing the Plaintiff's use of the SKY HIGH Marks in connection with the Plaintiff's goods and services.

15. The Plaintiff sells his products under the SKY HIGH Marks to its authorized distributors in the United States. The Plaintiff has several authorized distributors nationwide which consist of retail stores specializing in smokers' products. The Plaintiff also reaches its nationwide customer base through its website, www.skyhighproducts.com which provides for online sales, as well as includes information as to the various locations across the United States that carries Plaintiff's products. As such, the Plaintiffs' products reach a vast array of consumers ranging from the most sophisticated tobacco connoisseurs to novice tobacco smokers.

16. Plaintiff has maintained its presence in Florida specifically, through distribution of its products to several smoke shops located in the state, including but not limited to, Green Planet Smoke Shop, the Den 51 Smoke Shop, Vape & Smoke Shop 2, Smoke City 4, Dragon Heads and the Hook Up.

17. The Plaintiff's SKY HIGH Marks are distinctive to both the consuming public and the Plaintiff's trade.

18. The Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the retail smoke shop name and the wholesale smokers' articles sold under the SKY HIGH Marks including through the Plaintiffs attendance of trade shows and trade magazine advertising.

19. Plaintiff has also worked to maintain his reputation with the consuming public by providing top-notch customer service in connection with his SKY HIGH retail store, wholesale services and online store.

20. Although Plaintiff does not have a physical location in Florida, SKY HIGH

5

customers have been confused by the presence of Defendant's use of the SKY HIGH mark as the name of its smoke shop. Just recently, Plaintiff received a phone call from a customer in Florida complaining about the services provided at the Defendant SKY HIGH SMOKE SHOP retail shop. Plaintiff has also received notice of confusion by various professionals in the industry who were confused or deceived by the Defendants' unlawful use of the SKY HIGH mark.

21. Just recently, at the Orlando Trade Show, of which the Plaintiff and/or his company was an exhibitor, the Defendant was also at the trade show, representing itself to customers as "SKY HIGH", creating confusion to the general public as well as amongst professionals in the industry.

22. The Plaintiff enjoys commercial success through sale of its wholesale products bearing the SKY HIGH trademark in the United States, as well as, through its retail store that operates under the Plaintiff's SKY HIGH service mark. The Defendants' Infringing use of the Mark has and/or will diminish Plaintiff's commercial success.

23. The Plaintiff offers "SKY HIGH" products that are of a high quality. The name has been recognized by customers, as well as, people in the industry, as a top notch company and distributor of fine products.

24. As a result of the Plaintiff's expenditures and efforts, the SKY HIGH Mark has come to signify the high quality of the smoke shop, as well as the products bearing its name. The SKY HIGH mark, has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

25. The Plaintiff's SKY HIGH Marks and the goods and services offered there under have received unsolicited coverage in various media, including an article in HQ Trade Magazine. HQ Magazine is the premier retail buyer's guide targeted at smoke shop industry products.

6

26. The Plaintiff has scrupulously and successfully enforced and protected its SKY HIGH Marks against past infringements, including the Defendant herein, by sending cease and desist letters immediately upon becoming aware of the infringing use of the SKY HIGH Marks. Attached hereto as Exhibit "C" is a copy of the cease and desist letter sent by Plaintiffs counsel in Arizona.

B. <u>The Defendants' Unlawful Activities</u>

27. The Defendants are engaged in the retail sale of various smokers' articles though there locations in Florida.

28. The Defendant SKY HIGH SMOKE SHOP AND WHOLESALE runs a smoke shop in Miami, Florida. The Defendant SKY HIGH SMOKE SHOP #2 runs a smoke shop in Southwest Ranches, Florida. Both Defendants are using the trademarked name, SKY HIGH, in connection with the sale of smoker's articles, which clearly creates confusion among consumers.

29. Moreover, the Defendant SKY HIGH SMOKE SHOP AND WHOLESALE is now selling and advertising products wholesale to retailers, using the trademark name.

30. Without the Plaintiff's authorization, beginning after Plaintiff acquired protectable exclusive rights in its SKY HIGH Marks; Defendant adopted and began using a mark identical to Plaintiff's SKY HIGH Marks in US commerce.

31. Upon information and belief, the Defendant SKY HIGH SMOKE SHOP AND WHOLESALE began using the Infringing Mark in 2015; six years after Plaintiff began using the mark in commerce in connection with the sale of smoker's articles and retail shops and one year after the Plaintiff's registration of the SKY HIGH mark 4619680.

32. Upon information and belief, the Defendant SKY HIGH SMOKE SHOP #2 began

using the Infringing Mark in 2016; seven years after Plaintiff began using the mark in commerce in connection with the sale of smokers articles and retail shops, one year after the registration of the Plaintiff's SKY HIGH mark 4751784 and two years after the Plaintiff's registration of the SKY HIGH mark 41960

33. In fact, the Defendant SKY HIGH SMOKE SHOP AND WHOLESALE has been put on notice by the Plaintiff to cease and desist using its name, or using its name on products it is selling, but has refused to stop using the trademarked name. The letter was sent to the Owner or Manager of Defendant SKY HIGH SMOKE SHOP AND WHOLESALE at the corporation's principal place of business. Upon information and belief, Abdul Rauf is the sole member of both Defendant Corporations. Abdul Rauf is the Registered Agent and Director of both Defendant corporations and both locations are listed as the contact information on the website skyhighonlineshop.com, therefore putting both Defendants on notice of the infringing use of the SKY HIGH mark.

34. The Infringing Mark adopted and used by the Defendants is substantially similar to the Plaintiff's SKY HIGH Marks.

35. The Defendants' use of the Infringing Mark in connection with the sale of smoker's articles is deceptive and confusing to the consuming public.

36. Upon information and belief, the Defendants have been engaged in the distribution, provision, advertising, promotion, offering for sale, and/or sale of smokers' articles using the Infringing Mark throughout the United States, especially in Florida. Attached hereto as Exhibit "D" are true and correct photographic depictions showing the Defendant's use of the Infringing Mark.

37. Upon information and belief, the smokers' articles the Defendants have

8

distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold under the Infringing Mark are identical and/or substantially similar to the Plaintiffs' goods and services. The Defendants operate their smoke shops in Florida in direct competition with other smoke shops that carry the Plaintiff's products.

38. Upon information and belief, the Defendant SKY HIGH SMOKE SHOP AND WHOLESALE operates under the use of the SKY HIGH marks in connection with smoker's articles that the Defendant distributes at wholesale throughout the United States, including Florida.

39. The Defendants have distributed, provided, marketed, advertised, promoted, offered for sale, and sold smokers' articles under the Infringing Mark through their retail smoke shop locations.

40. Upon information and belief, the Defendant SKY HIGH SMOKE SHOP AND WHOLESALE in combination with the SKY HIGH mark has distributed, provided, promoted, offered for sale, and sold smokers articles wholesale, through its authorized distributors in the United States, including in Florida.

41. Upon information and belief, the Defendants have marketed, advertised, and promoted their retail stores, online store, and goods under the Infringing Mark, through industry trade shows and trade magazines.

42. Plaintiff's counsel sent a cease and desist letter to Defendant SKY HIGH SMOKE SHOP AND WHOLESALE objecting to Defendant's use of the Infringing Mark.

43. The Defendant SKY HIGH SMOKE SHOP AND WHOLESALE initially responded to the Plaintiff's cease and desist letter by stating that it would cease using the SKY HIGH marks. However, to date, subsequent correspondence the Plaintiff sent to the Defendant

9

inquiring as to the status of its promise to cease using the Infringing Mark, remains unanswered by Defendant. After reasonable inquiry, the Plaintiff has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letter.

44. The Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or otherwise authorized by the Plaintiff.

42. The Defendants' infringing acts as alleged herein have resulted in actual confusion as evidenced by the use of the SKY HIGH mark.

43. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's SKY HIGH Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's goods and services to the Defendant.

44. The Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to the Plaintiff and to its valuable reputation and goodwill with the consuming public for which the Plaintiff has no adequate remedy at law.

45. As a result of the actions of the Defendant, the Plaintiff has been forced to retain the undersigned attorney and required to pay them their reasonable fees, costs and expenses.

## COUNT ONE
### Federal Trademark and Service Mark Infringement, 15 U.S.C. § 1114

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. The Plaintiff is the legal owner of the federally registered SKY HIGH Marks as

10

set forth in more detail above.

48. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that the Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark and service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the SKY HIGH Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

50. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
## Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

52. The Plaintiff repeats and re-alleges paragraphs 1 through 45 hereof, as if fully set forth herein.

THE TICKTIN LAW GROUP, PLLC,
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

53. The Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that the Defendants are in some way affiliated with or sponsored by Plaintiff.

54. The Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

56. The Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58. The Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")

THE TICKTIN LAW GROUP, PLLC,
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

59. The Plaintiff repeats and re-alleges paragraphs 1 through 45 hereof, as if fully set forth herein.

60. The Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce, in violation of Florida Statute § 501.204.

61. The Defendants have each operated a store using the trademarked name "SKY HIGH", despite their knowledge that the name SKY HIGH is trademarked by another company, who also operates its stores under the name SKY HIGH.

62. The Defendant SKY HIGH SMOKE SHOP AND WHOLESALE has operated a wholesale business for the sale of smoker's articles using the trademarked name "SKY HIGH", despite its knowledge that the name SKY HIGH is trademarked by another company, who also sells and distributes the same type of goods wholesale under the name SKY HIGH.

63. The name is being used to create confusion, and to deceive consumers, and to cause injury to the Plaintiff. The Defendants are aware of the trademark name, have been put on notice, but have simply ignored the Plaintiff, and continued to act deceptively.

64. The Defendants' actions were unlawful, as well as unconscionable, unfair and deceptive.

65. The Defendants have violated Florida Statute § 501.204, as described above, and as a result, the Plaintiff has suffered losses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Kasem Aoufe, respectfully requests the following relief against each Defendant as follows:

    a.    Entry of temporary, preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining each Defendant, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, the use of any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, infringement, copy, or colorable imitation of the SKY HIGH Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the SKY HIGH name or the SKY HIGH Marks; and from otherwise unfairly competing with the Plaintiff.

    b.    Entry of an order requiring each Defendant to account to and pay the Plaintiff for all profits and damages resulting from the Defendant's infringing activities.

    c.    Pursuant to 15 U.S.C. § 1116(a), directing each Defendant to file with the court and serve on the Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

THE TICKTIN LAW GROUP, PLLC,
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

  d. For an order form the Court requiring that each Defendant provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the deceptive use of the Plaintiff's trademark and/or pay restitution, including the amount of monies that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

  e. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the Defendants' possession, which rightfully belong to the Plaintiff;

  f. Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the each Defendant's authority, at its cost, be required to deliver up to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the SKY HIGH Marks;

  g. For restitution in an amount to be proven at trial for deceptive acts or practices in the course of a business, trade, or commerce, in violation of Florida Statute § 501.204;

  h. For damages in an amount to be proven at trial for unjust enrichment;

  i. Entry of an award of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

  j. For all costs of suit;

  k. Entry of an award of pre-judgment interest on the judgment amount.

  l. Entry of an order for any further relief as the Court may deem just and proper.

15

Dated: December 1, 2017                              Respectfully submitted,

                                                                                 /s/ Jamie Alan Sasson\_\_\_\_
                                                                                Jamie Alan Sasson
                                                                                 Florida Bar No.: 10802
                                                                                 Serv513@LegalBrains.com
                                                                                 **THE TICKTIN LAW GROUP, PLLC.**
                                                                                 270 SW Natura Avenue
                                                                                 Deerfield Beach, Florida 33441-1610
                                                                                 Telephone: (954) 570-6757
                                                                                 Facsimile: (954) 570-6760